# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DAMON ELLIOTT,

    Plaintiff,

v.

BELTSVILLE AGRICULTURE
RESEARCH CENTER and
U.S. DEPT. OF AGRICULTURE,

    Defendants.

Civil Action No.: PJM-18-3027

## MEMORANDUM OPINION

In response to Plaintiff Damon Elliott's complaint asserting that the U.S. Department of Agriculture (USDA) improperly denied his Freedom of Information Act (FOIA) request, Defendants have moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1). ECF No. 9. Elliott opposes the motion with a Motion to Appoint Counsel which he supplemented. ECF No. 14, 15. No hearing is necessary to determine the matters now pending before the Court. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, the complaint shall be dismissed without prejudice for lack of jurisdiction.

Elliott seeks "judicial review of defendants' determination of a November 29, 2017 FOIA Request and a January 5, 2018 Appeal" and asserts he exhausted administrative remedies prior to instituting this action. ECF No. 1 at 1. Elliott's FOIA request sought documents related to Residence 3696 Sellman Road, Building No. 22 in Beltsville, Maryland. *Id.* at 2. The request included a list of all prior owners, outstanding liens, encumbrances, encroachments, right of way and easements, as well as tax records and documentation ceding jurisdiction over the property from the State of Maryland to the Federal government. *Id.* at 3.

In a letter dated December 19, 2017, Elliot was informed by the USDA that his FOIA request was not going to be processed because he had an outstanding balance of $207.20 that must be paid before an additional FOIA request could be processed. ECF No. 1 at 6. The previous request made by Elliott rendered 2,036 pages of documents, costing a total of $447.20, a portion of which was paid for by Sara Elliott. *Id.* at 8.

On January 5, 2018, Elliott appealed the response to his FOIA request, claiming he never received the documents the USDA claimed they sent him on April 5, 2007 and the decision was upheld. ECF No. 1 at 9-10. Elliott was again advised that he owed a balance of $207.20 and that once the payment was received, his FOIA request could be processed. *Id.*

Fed. R. Civ. P. 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), aff'd, 85 F. App'x 960 (4th Cir. 2004). Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true.'" *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted) (alteration in original); *see also Buchanan v. Consol. Stores Corp.*, 125 F. Supp. 2d 730, 736 (D. Md. 2001).

In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *accord Clear Channel Outdoor, Inc. v. Mayor & City Council of*

*Baltimore*, 22 F. Supp. 3d 519, 524 (D. Md. 2014). In a factual challenge, on the other hand, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. In that circumstance, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

The Freedom of Information Act or "FOIA" "provides a mechanism for citizens to obtain documents from federal agencies, and grants federal district courts jurisdiction to review agency compliance with citizens' requests." *Shortall v. Baltimore Dt. U.S. Army Corps of Engineers*, No. WMN-14-3904, 2015 WL 3545259 at *3 (D. Md. June 4, 2015), quoting *Reaves v. Jewell*, Civ. No. DKC–14–2245, 2014 WL 6698717, at *3 (D. Md. Nov. 26, 2014). Subject to certain statutory exemptions not at issue here, FOIA requires that federal agencies shall "upon any request for records which reasonably describe such records . . . make the records promptly available to any person." 5 U.S.C. §522(a)(3)(A). An agency must "provide information to the public on request if the request 'reasonably describes' the record sought and is made in accordance with published agency rules for making requests." *Ethyl Corp. v. EPA, Ethyl Corp.*, 25 F.3d 1241, 1245 (4th Cir. 1994) (quoting 5 U.S.C. §552(a)(3)). A federal court only has jurisdiction to devise a remedy upon a showing that the agency has improperly withheld agency records. *See Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980).

At issue here is the USDA's regulation stating that the agency "shall require full payment of any delinquent fee owed by the requester plus any applicable interest prior to releasing records on a subsequent request or appeal." 7 C.F.R. § 1.15. As noted, this Court does not have jurisdiction

3

over a FOIA claim where documents are not improperly withheld. Elliott's FOIA claim fails to establish that the requested documents have been improperly withheld; rather, he simply argues, eleven years after the fact, that he never received the documents in response to his 2007 request and for which he owes a balance. ECF No. 1 at 9-10. The denial of Elliott's FOIA claim due to his non-payment of the balance owed was not improper. *See Pollack v. Dep't of Justice*, 49 F.3d 115, 119-21 (4th Cir. 1995)(failure to pay administrative fee in advance of document production not improper); *McLaughlin v. Dept. of Justice*, 598 F. Supp. 2d 62, 66 (D.D.C. 2009) (plaintiff failed to exhaust administrative remedies by failing to pay fee).

Elliott's only response to the Motion to Dismiss focuses on his request for appointment of counsel and his argument that he is actually innocent of the federal offense for which he is currently serving a term of incarceration because the property located at 3696 Sellman Road was not property belonging to the United States Government. ECF No. 15, *see also U.S. v. Elliott*, Crim. Case PJM-97-053 (D. Md. 1997). Whether Elliott's claim regarding the property has any merit is irrelevant to this petition for judicial review of a FOIA request denial and, as such, the merits of that claim will not be addressed by the Court.

The Motion to Dismiss for lack of jurisdiction shall be granted and Elliott's Motion for Appointment of Counsel shall be denied by a separate Order which follows.

2/19/20
Date

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

4